IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAYNE E. ROYCE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV328 |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS COUNTY SCHOOL DISTRICT #54, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion to Compel (filing 23). For the reasons explained below, Plaintiff's motion will be granted, contingent upon the entry of a protective order.

**BACKGROUND**

In this case, Plaintiff claims that she was discriminated against by the Douglas County School District #54 ("Defendant") on the basis of age and perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; § 1981(a) of the Civil Rights Act of 1991; the Nebraska Fair Employment Practice Act ("FEPA"), Neb. Rev. Stat. § 48-1101, *et seq.*; and the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. § 48-1001, *et seq.* (filing 1). Specifically, Plaintiff alleges that she was demoted from her position as a full-time paraprofessional due to her age, perceived disability and for making complaints of discrimination. (*Id*.) Additionally, Plaintiff alleges that she was passed over for other jobs that were available for the same reasons. (*Id*.)

Through discovery, Plaintiff requested that Defendant identify the individuals who replaced Plaintiff and/or who were offered positions for other jobs in which Plaintiff had inquired about or applied. Plaintiff also requested that Defendant produce the personnel files of such individuals. Defendant responded to the requests by identifying said individuals and

providing some of the information sought. Defendant refused to produce the personnel files, maintaining that the files are privileged by Nebraska statute and, additionally, that the employees' privacy interests outweigh Plaintiff's need for the files. Plaintiff's pending Motion to Compel (filing 23) seeks the production of these personnel records.

**ANALYSIS**

Defendant maintains that it is precluded from releasing the requested personnel files by Neb. Rev. Stat. § 79-8,109, which provides:

> Any teacher, administrator, or full-time employee of any public school district shall, upon his or her request, have access to his or her personnel file maintained by the district and shall have the right to attach a written response to any item in such file. Such teacher, administrator, or employee may in writing authorize any other person to have access to such file, which authorization shall be honored by the district. Such access and right to attach a written response shall not be granted with respect to any letters of recommendation solicited by the employer which appear in the personnel file. No other person except school officials while engaged in their professional duties shall be granted access to such file, and the contents thereof shall not be divulged in any manner to any unauthorized person.

Neb. Rev. Stat. § 79-8,109. This statute limits access to the personnel files to (1) the employee; (2) school officials while engaged in their professional duties and (3) any other person upon the employee's written authorization. Defendant contends that it lacks authority to waive the privacy protection afforded by this statute because Plaintiff seeks personnel files of school employees who are not parties to this litigation and who have not provided written authorization for release of their files.

The parties have not identified any federal court case addressing the application of Neb. Rev. Stat. § 79-8,109. Defendant has pointed to one unpublished Nebraska state district court opinion which found that personnel files were privileged and shielded from discovery by the statute because the court could not find anything that would entitle the plaintiffs to overcome the privilege. *See Fischer v. Erickson*, Case No. CI04-14 (Dist. Ct. of Antelope County, Neb., June 10, 2004). However, the *Fischer* decision provides little guidance to the

2

issues involved here because it does not discuss the reason that the documents were requested or any factors the court considered in finding that the value of the information sought was insufficient to overcome the privilege.

In any event, federal courts have found that personnel files of employees, though protected from disclosure by state statute, are relevant and subject to production as part of discovery in claims involving federal rights. For instance, in *Welsh v. City & County of San Francisco*, 887 F.Supp. 1293, 1301 (N.D. Cal. 1995), the court stated:

> Defendants concede that California statutes limiting the disclosure of police personnel records in pretrial discovery do not restrict discovery in federal courts. "Questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed2d 469 (1989) (quoting Federal Rule of Evidence 501). Despite claims of privilege, personnel files are discoverable in federal question cases, including Title VII actions. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) (citations omitted).

*Id*. at 1301. Likewise, the Eighth Circuit Court of Appeals has held that non-party employee personnel files are relevant in cases involving employment claims. In *Missouri Nat. Educ. Ass'n v. New Madrid County R-1 Enlarged Sch. Dist.*, 810 F.2d 164, 166 (8th Cir. 1987), the Eighth Circuit found:

> At trial, after an *in camera* inspection, the district court denied the appellants limited access to the personnel files of the forty-five probationary teachers who had been granted new contracts and who were certified to teach the same subjects as the appellants. It also denied access to the files of the two probationary teachers who had been laid off but who had not been New Madrid NEA members. In our view, the denials were improper.
>
> . . . While the court correctly observed that evidence of teacher affiliation was not in the personnel files, it erred in holding that the personnel files contained no relevant evidence. The files contained the evaluations of each teacher by his or her superiors. This evidence was relevant to rebut the appellees' evidence that the appellants were terminated because they had worse teacher

>records than the other probationary teachers who were retained.  Had the appellants been given access to these files, they could have attempted to use them to prove that the reasons advanced by the appellees for their actions against the appellants were pretextual.  Confidential information of little relevance, *e.g.*, medical records, could easily have been protected.

*Id*. at 166.

This Court has previously found that non-party personnel information is discoverable if the plaintiff demonstrates that "the value of the information sought would outweigh the privacy interests of the affected individuals." *Case v. Platte County, Neb.*, No. 8:03CV160, 2004 WL 1944777, *2 (D. Neb. June 11, 2004).  In the present case, the Court finds that Plaintiff has sustained this burden.  The Court agrees that the personnel files are relevant, as they may show when the employees applied for various positions, when they were interviewed and the employees' qualifications and disciplinary history.  The files may also allow Plaintiff to compare and contrast her qualifications and work history with the other identified employees.  Moreover, the discovery requests are limited in scope as they only seek information regarding employees who replaced Plaintiff and/or who were offered positions for other jobs in which Plaintiff had inquired about or applied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel (filing 23) is granted.  Defendant shall produce the requested personnel files.  However, the requirement of production is specifically conditioned upon the prior entry of a protective order, either upon stipulation of the parties or upon motion and order of the Court, limiting access to the information set forth in these files and restricting the dissemination of such information.

**DATED July 19, 2012.**

        **BY THE COURT:**

        S/ F.A. Gossett
        **United States Magistrate Judge**